IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ORLANDO PEREZ,

        Defendant.

NO. 3:11-cr-029

## OPINION

Slomsky, J.                                                                  February 28, 2013

### I. INTRODUCTION

Defendant has filed a Motion to Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 24), challenging on a number of grounds the validity of his conviction and sentence. (Id.) The Government has filed a response seeking dismissal of the Motion. (Doc. No. 27.)

### II.    FACTUAL BACKGROUND

On January 30, 2011, a two count Information was filed against Defendant Orlando Perez in the United States District Court for the Middle District of Pennsylvania. Count One charged that from about 2005 to on or about May 23, 2010, Defendant conspired to receive, possess, store, and sell stolen goods and vehicles valued at $5,000 or more which had been transported in interstate commerce, in violation of 18 U.S.C. § 2313. Count Two charged that from about 2004 to on or about May 23, 2010, Defendant possessed stolen goods and vehicles valued at $5,000 or more which had been transported in interstate commerce, in violation of 18 U.S.C. § 2315.

On April 8, 2011, Defendant pled guilty to the Information pursuant to a written plea agreement. As part of the plea agreement, he agreed to waive his right to appeal his conviction

1

and sentence on any grounds. He also agreed to waive his right to challenge the conviction and sentence in a motion pursuant to 28 U.S.C. § 2255. The appellate waiver in the plea agreement provided as follows:

> 36. <u>Appeal Waiver.</u> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and the United States retains its right to appeal in this case.

(Doc. No. 3 at 18.)

The Court conducted an extensive questioning of Defendant under oath at the time he pled guilty, covering all the required factors noted in Rule 11 of the Federal Rules of Criminal Procedure. (Tr. of Apr. 8, 2011, 5:4-50:20.) Defendant was asked if someone threatened or forced him to plead guilty. (<u>Id.</u> at 28:16-17.) He responded "No." (<u>Id.</u> at 28:18.) He was also asked twice if he was pleading guilty of his own free will. (<u>Id.</u> at 28:19-20, 51:8-9.) He responded "Yes." (<u>Id.</u> at 28:21, 51:10.)

The Court also went over the "Appeal Waiver" with Defendant. The transcript contains the following colloquy:

> THE COURT: . . . And paragraph 36 is another important provision; it states appeal waiver. Do you see that? See paragraph 36?
>
> THE WITNESS: Yes, Your Honor.
>
> THE COURT: All right. This is a very broad waiver of your right to appeal and let me go over it with you. It says that under a provision of federal law that we call Title 18, United States Code Section 3742, you have a right to appeal a

conviction and sentence imposed. But knowing about all this, you waive your right to appeal any conviction and sentence including the sentence imposed within the statutory maximum on any and all grounds set forth in Title 18, United States Code Section 3742 or any other grounds, constitutional or nonconstitutional, including the manner in which the sentence was determined in light of United States v. Booker.

That's a Supreme Court case decided in 2005 in which the Supreme Court said the guidelines, sentencing guidelines, to be constitutional are only advisory not mandatory. But a court has to impose a reasonable sentence, so you're agreeing here that as long as I sentence you within the maximum provided by law, that you waive your right to appeal. Do you understand?

THE WITNESS: Yes, Your Honor.

THE COURT: You also waive your right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding including but not limited to a motion brought under Title 28, United States Code Section 2255 which is our – the federal habeas corpus statute. And you further acknowledge that this appeal waiver is binding only upon the defendant but that the United States retains its right to appeal in this case. You understand?

THE WITNESS: Yes, Your Honor.

THE COURT: You have any questions about the rights you're giving up in paragraph 36?

THE WITNESS: No, Your Honor.

THE COURT: All right. I just want to advise you that you're giving up the right to appeal both the validity of your guilty plea and the legality of your sentence. You understand?

THE WITNESS: Yes, Your Honor.

(Tr. of Apr. 8, 2011, 24:17-26:6.)

On October 14, 2011, the Court held a sentencing hearing. At the hearing, Defendant was questioned by the Court. (Tr. Of Oct. 14, 2011, 4:11-6:7.) He also spoke on his own behalf. His statement covers about four pages of the sentencing transcript. (Id. at 32:17-36:6.)

After hearing from the parties, the Court sentenced Defendant to serve ninety-six months' imprisonment to be followed by a three-year term of supervised release. The Court also ordered

Defendant to make restitution payments totaling $461,231.44. On October 17, 2011, the Judgment was filed. (Doc. No. 20.) Defendant did not appeal his sentence or conviction. Accordingly, his conviction became final on October 31, 2011 — the date on which the time for filing a notice of appeal expired.

## III. DISCUSSION

### A. Timeliness of the Motion

The Court will deny the Motion filed pursuant to Section 2255 for several reasons. First, the Motion was not timely filed. Defendant had one year from October 31, 2011, the date on which the time for filing a notice of appeal expired, to file a motion under 28 U.S.C. § 2255(f). When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000). Here, Defendant filed his Motion on January 10, 2013, after the one year deadline. The failure to file a § 2255 Motion within the statute of limitation period requires that the Motion be dismissed as untimely.

### B. The Appellate Waiver

In addition to the statute of limitations violation, Petitioner is barred from asserting the claims in the Motion under the appellate waiver section of the plea agreement. Petitioner has set forth two grounds of error in the Motion. First, under "Ground One," he asserts a Violation of his Fourth Amendment Rights and alleges as follows:

> My Fourth Amendment rights were violated by the illegal electronic surveillance being performed on my tractor trailer truck from approximately the beginning of April until the beginning of July 2010. The Defendant warrants the grounds for this issue with the newly found verdict decided by the Supreme Court's decision of the United States v. Jones, 132 S. Ct. 945, 12 BL 14420, CrL 537 (2012).

4

(Doc. No. 24 at 4.)

Second, under "Ground Two," he asserts a claim of ineffective assistance of counsel during the plea process and alleges as follows:

> I was misinformed about details regarding to my plea bargain during the plea process and instructed to sign and do whatever the U.S. Attorney said even though there was a clear language barrier established due to my Spanish background. I was not provided an interpreter as I do not read English well and my diabetic condition asked me to testify against my client, while being held for Pre-Trial Detention at Lacawana [sic] Correctional Facility, and 3 different hits by 3 different individuals placed on my life, forcing me to involuntarily and unknowingly plea as to get sentenced, and into another facility, as this was ignored by my lawyer when brought to his attention. . . .

(Doc. No. 24 at 5.)

Defendant's two claims fall within the scope of the terms of the "Appeal Waiver" provision of his plea agreement. In United States v. Castro, No. 11-3893, 2013 WL 69214 (3d Cir. Jan. 8, 2013), the Court noted that there are essentially three prongs to analyze in determining whether a claim is covered by the terms of an appellate waiver. First, whether the issues fall within the scope of the waiver; second, whether the defendant knowingly and voluntarily agreed to the waiver; and third, whether enforcing the waiver would work a miscarriage of justice. Id. at *6. In analyzing the language of an appeal waiver, a court follows the well-established principle that plea agreements are analyzed under contract law standards. The Government and a defendant must comply with its terms. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008).

Defendant's first claim in Ground One is that his Fourth Amendment rights were violated by the illegal electronic surveillance of his truck. This claim is an attack on his conviction. Under the "Appeal Waiver," Defendant waived his right to challenge any conviction or sentence in any collateral proceeding, including a motion brought under Section 2255. Defendant is bound to

follow the terms of the waiver. He agreed not to challenge his conviction in a Section 2255 Motion and is precluded from raising the Fourth Amendment claim in this case.

In "Ground Two," Defendant contends that under the Sixth Amendment, he received ineffective assistance of counsel in two respects. First, he claims he was misinformed by his lawyer about the plea process because his lawyer did not have an interpreter present to deal with his language barrier due to his Spanish background. Second, he claims he plead guilty because there were threats on his life which were ignored by his lawyer.

Again, Defendant agreed in the "Appeal Waiver" not to pursue such claims in a Section 2255 Motion. He agreed not to attack his conviction or sentence and these two claims are subsumed under these categories. He is bound by the terms of the "Appeal Waiver." The ineffective assistance of counsel claims he asserts here are within the scope of the broad language of the waiver which bars him from pursuing them in a 2255 Motion.

With respect to the claim of a language barrier, this Court observed Defendant testify at length at the trial of a co-conspirator, Owshadram Mohabir. The Court also questioned Defendant extensively at the guilty plea and sentencing hearings. Defendant also spoke on his own behalf at sentencing. The Court never felt that Defendant did not understand English or an interpreter was necessary or that Defendant did not comprehend the court proceedings. The appellate waiver applies to this claim. In addition, Defendant's attempt to impeach his guilty plea and to controvert his answers to questions from the Court by claiming that prison incidents forced him to plead guilty is also covered by the waiver.

When Defendant entered his guilty plea the Court went over the terms of the appellate waiver with him. The Court found that Defendant's guilty plea was made knowingly and voluntarily and was not the result of force or threats or any promises apart from the plea

agreement disclosed in open court. (See Tr. of Apr. 8, 2011, 50:20-51:25.) Moreover, Defendant responded forthrightly that no force or threats were made against him. (Id.) Twice he responded that he was pleading guilty of his own free will. (Id. at 28:19-21, 51:8-10.) The evidence of his guilt in this case was considerable. Therefore, enforcing the appellate waiver would not work a miscarriage of justice.

The record reveals that Defendant's appellate waiver was both knowing and voluntary. The plea colloquy demonstrates that the Court apprised Defendant of the consequences of the waiver and that Defendant acknowledged his understanding that he was giving up any right to file a post-conviction Motion and would be bound by whatever sentence the Court imposed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion will be denied. A hearing is not warranted and there are no grounds for issuance of a certificate of appealability.

An Appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ORLANDO PEREZ,

Defendant.

NO. 3:11-cr-029

### ORDER

**AND NOW,** this 28th day of February 2013, upon consideration of Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 24) and the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 27), it is hereby **ORDERED** that Defendant's Motion (Doc. No. 24) is **DENIED** and a certificate of appealability shall not be issued.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.